**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ADELLA PIRCHARDO, individually,**
**and as class representative,**

                  **Plaintiff,**

**-vs-**                                        **Case No. 6:07-cv-1118-Orl-31UAM**

**JEANNE B. LeCLERCQ, and GENERAL**
**ELECTRIC CAPITAL CORPORATION, d/b/a:**
**Care Credit, Inc.,**
**d/b/a: GE Money Bank,**

                  **Defendants.**

_____

## ORDER

This matter comes before the Court *sua sponte*. This case is before the Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3). (Doc. 1 at 3). The Plaintiff is a Florida resident and contends that one defendant, General Electric Capital Corporation, is a foreign corporation. But the Plaintiff does not list the residence of Defendant Jeanne B. LeClercq ("LeClercq") in the complaint.

Several things have come to the Court's attention that suggest LeClercq is a Florida resident, which would destroy diversity. LeClercq is described in the complaint as having "operated approximately a dozen companies throughout the state of Florida since 2000." (Doc. 1 at 2). The complaint also describes LeClercq as currently "under indictment on federal racketeering charges in the United States [District] Court for the Southern District of Florida." (Doc. 1 at 3). Both of these contentions at least suggest LeClercq is a Florida resident. The

records of the Florida Secretary of State Division of Corporations are even more to the point: The filings of the particular LeClercq company with which the Plaintiff contracted – People's Choice Aesthetic Surgery & Medical Day Spa, Inc. ("People's Choice")[1] – show LeClercq as president and having an Orlando address.

Thus, based on the limited information available to the Court, it appears that the Plaintiff and defendant LeClercq are both Florida residents.  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. *Rembert v. Apfel*, 213 F.3d 1331, 1333-34 (11th Cir. 2000), *overruled on other grounds by Roell v. Withrow*, 538 U.S. 580 (2003).  To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if the parties have not challenged it. *Id.*

Before proceeding further in this matter, the Court must satisfy itself that it has jurisdiction over the dispute.  It is therefore

---

[1] According to the complaint, People's Choice has filed for bankruptcy protection, preventing the Plaintiff from including it as a defendant in the instant suit.

**ORDERED AND ADJUDGED** that on or before November 20, 2007 each party shall file a brief, not to exceed 10 pages, addressing the question of whether this case ought to be dismissed for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 6, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party